# SUPERIOR COURT
## OF THE
# STATE OF DELAWARE

Noel Eason Primos
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone 302-735-2131

January 17, 2019

Karen Lyles
215 Labrador Lane
Townsend, DE 19734

Gregory A. Morris, Esq.
Liguori & Morris
46 The Green
Dover, DE 19901

RE:    *Karen Lyles v. Meineke Car Care Center*[1]
       *C.A. No. K18A-05-004 NEP*

Submitted: November 1, 2018
Decided: January 17, 2019

Dear Ms. Lyles and Mr. Morris:

Appellant/Plaintiff Below Karen Lyles (hereinafter "Appellant") appeals from the May 14, 2018, order of the Court of Common Pleas (hereinafter "CCP"). In that order, the CCP held that Appellant had failed to meet her burden of proving her case by a preponderance of the evidence and dismissed the suit. Specifically, the CCP held that Appellant had failed to establish that Appellee/Defendant Below Meineke Car Care Center (hereinafter "Appellee") breached the standard of care and that, as a result of a breach, Appellant was damaged. This Court similarly finds no merit to

---

[1] In her appeal, Appellant/Plaintiff Below Karen Lyles improperly named the Court of Common Pleas, or "CCP", as an appellee. "CCP" has been removed from the caption.

Appellant's appeal and affirms the CCP's decision. The Court's review is confined to the facts contained in the record, and it is those facts that are referenced herein.

The record reflects that on August 22, 2016, Appellant took her 2008 Acura MDX with over 200,000 miles (hereinafter the "Vehicle") to Appellee for an oil change. An employee of Appellee, Benjamin Marvel (hereinafter "Mr. Marvel"), was working on the Vehicle and removing the drain plug to initiate an oil change, and noticed that the threads in the aluminum oil pan were stripped.[2] Upon discovering the damaged threads, Mr. Marvel, an experienced technician and manager at Meineke, went to the lobby to speak with Appellant and took Appellant into the shop to explain the situation.

Mr. Marvel testified that once the threads are damaged, they must be replaced either with an oversized drain plug or a full oil pan replacement. He stated that these are the only two options to remedy the problem and that, typically, he will try the plug first. Mr. Marvel testified that he explained these options to Appellant. As the oversized drain plug does not always remedy the issue, Mr. Marvel indicated to Appellant that he was uncertain if the plug was going to work; if it did not, she would need to return and replace the entire oil pan. It is undisputed that Mr. Marvel did not provide Appellant with any other options at that time and that, ultimately, Appellant had the oversized drain plug placed in the Vehicle.[3]

On September 16, 2016, Appellant brought the Vehicle back to Appellee, as

---

[2] Mr. Marvel testified that this may happen with these types of vehicles and is generally the result of wear and tear. Mr. Marvel also testified that he has encountered this issue before.

[3] Mr. Marvel testified that he will typically always offer to put in the oversized drain plug first, presumably as it is a cheaper option than replacing the entire oil pan. However, it is "a 50-50 shot" whether that will remedy the problem. According to Mr. Marvel, he did not cause the damage to the Vehicle, and these were the only two options for Appellant. In response, Appellant argues that Mr. Marvel did not go over any other options with her besides the oversized drain plug and that she was never given an option simply to pay the cost of rethreading the oil pan.

she had noticed that there was oil dripping from the Vehicle. Appellee informed Appellant that the only way to remedy the situation was to replace the oil pan and gave her an estimate for the repairs; however, Appellant chose to go to another dealership to have the oil pan replaced.

Appellant subsequently filed a civil debt action against Appellee in Justice of the Peace Court No. 16 (hereinafter "JP Court") seeking damages for the cost of replacing the oil pan. On June 2, 2017, the JP Court held that Appellant had failed to meet her burden of proving her case by a preponderance of the evidence. The JP Court found that there was insufficient evidence and no expert testimony to prove that Appellee had caused the stripped threads on Appellant's oil pan. Moreover, the JP Court held that "[g]iven the mileage and age of the vehicle, Defendant's explanation of normal wear and tear is just as feasible as Plaintiff's claim."

On June 13, 2017, Appellant filed an appeal from the JP Court's decision to the CCP. On May 14, 2018, the CCP ruled in favor of Appellee and affirmed the JP Court's decision. In so holding, the CCP found that Appellant had failed to show that Appellee had caused the damage to the Vehicle or that Mr. Marvel had acted in a way that was below the standard of care that a mechanic would have used in those circumstances.[4]

On May 31, 2018, Appellant filed an appeal to this Court. In her Opening Brief, Appellant argues that the CCP did not take all of the evidence into consideration, namely, evidence that there were more than two options for repairing

---

[4] In announcing its decision, the CCP noted both Mr. Marvel's testimony that he did not cause the damage to the Vehicle and the absence of any other witnesses to dispute his testimony. Moreover, the CCP indicated that even if Appellant had presented a witness from Hertrich, the dealership that performed the subsequent oil pan repair, it might not have altered the outcome: the CCP stated that "…even if someone from Hertrich was able to come and testify as to the state of your car when they saw it, they wouldn't have been able to testify as to what was happening with your car in August or September [2016] because they wouldn't have seen it at that time."

the Vehicle. Appellant asserts that another option would have been to pay for rethreading the oil pan, instead of paying to replace the entire oil pan. Appellant also argues that Appellee was responsible for the damage to the Vehicle, as "Meineke destroyed the threads by placing adhesive and aftermarket washer on the threads of the oil pan."

Appellee argues that the factual findings from the CCP are sufficiently supported by the record and that Appellant had ample time to obtain an expert opinion to testify as to whether her damages were caused by Appellee. Moreover, Appellee points to the testimony of its representative, Mr. Marvel, that the alleged damage to the threads of the oil pan was likely caused by the age, normal wear and tear, and mileage of the Vehicle, and was not the result of any negligence or breach of care on the part of Appellee.

Appeals from the Court of Common Pleas to this Court "shall be reviewed on the record and shall not be tried de novo."[5] This Court functions as an intermediate appellate court when considering appeals from the Court of Common Pleas.[6] Thus, issues not raised in the trial court are not heard on appeal,[7] and this Court limits its review to correcting errors of law and determining whether the lower court's factual findings "are adequately supported by the record and are the product of an orderly and logical deductive process."[8] This Court does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, or make factual findings.[9] Errors of law are reviewed de novo and include "errors in formulating or

---

[5] *Jones v. Hertz Corp.,* 2014 WL 3401606, at *3 (Del. Super. July 8, 2014).

[6] *DiSabatino v. State,* 808 A.2d 1216, 1220 (Del. Super. 2002); *State v. Richards,* 1998 WL 732960, at *1 (Del. Super. May 28, 1998).

[7] *Wilmington Tr. Co. v. Conner,* 415 A.2d 773, 781 (Del. 1980).

[8] *DiSabatino,* 808 A.2d at 1220; *Romain v. State Farm Mutual Auto. Ins. Co.,* 1999 WL 1427801, at *1 (Del. Super. Dec. 2, 1999).

[9] *Johnson v. Chrysler Corp.,* 213 A.2d 64, 66 (Del. 1965).

applying legal precepts."[10]

The Court affords *pro se* litigants a degree of leniency in filing documents on appeal.[11] However, this Court may consider only the evidence in the record. Here, the Court finds that the CCP's decision is supported by sufficient evidence and free from errors of law, and that its factual findings "are adequately supported by the record and are the product of an orderly and logical deductive process."[12]

In order to prove her case, Appellant needed to establish that Appellee breached a standard of care and that, as a result of that breach, Appellant was damaged. Appellant asserts that Appellee "destroyed the threads by placing adhesive and aftermarket washer on the threads of the oil pan." Additionally, Appellant argues that there was a third option to fix the Vehicle, which was to pay for rethreading the oil pan, instead of inserting the oversized drain plug or paying to replace the pan.

As the CCP noted, merely establishing or alleging another way of fixing the Vehicle, absent more, does not prove that Mr. Marvel breached the standard that an ordinary mechanic would have used, nor does it indicate that Mr. Marvel caused the damage to the Vehicle. In the absence of evidence that Mr. Marvel caused the damage to the Vehicle or that the way he attempted to repair the Vehicle was improper and below the standard of care, the CCP properly found in favor of Appellee in this case.[13] In short, the Court finds that the CCP did not err in its

---

[10] *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).

[11] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011).

[12] *DiSabatino*, 808 A.2d at 1220.

[13] *Cf. Gall v. C & P Motors Acceptance Corp.*, 1989 WL 100459 (Del. Super. Aug. 1, 1989) (Superior Court affirmed the Court of Common Pleas decision finding an auto repair shop negligent. This decision was pursuant to (1) mechanic's testimony that he had never worked on that particular type of car; (2) testimony of another employee indicating lack of expertise to repair the vehicle; and (3) testimony of another mechanic indicating a breach in the standard of care and that the breach proximately caused the damage to the vehicle.).

determination that Appellant failed to prove her case by a preponderance of the evidence.

For the foregoing reasons, the decision of the Court of Common Pleas is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*Sent via-File & ServeXpress and U.S. Mail*
oc:    Prothonotary
       Court of Common Pleas
       File